IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>IVAN LOPEZ, JR.,<br><br>       *Defendant*. | Criminal No. 1:22-CR-10<br><br>Hon. Leonie M. Brinkema<br><br>Trial Date: June 29, 2022 |

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

Under Federal Rule of Criminal Procedure 30, the government respectfully requests the

Court to include in its charge to the jury the following instructions, and further reserves the right

to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:             /s/
         Rachel L. Rothberg
         Special Assistant United States Attorney (LT)
         Marc J. Birnbaum
         Assistant United States Attorney
         U.S. Attorney's Office
         Eastern District of Virginia
         2100 Jamieson Avenue
         Alexandria, VA 22314
         Phone: (703) 299-3700; Fax: (703) 299-3980
         Email:  Rachel.rothberg2@usdoj.gov
         Email:  marc.birnbaum@usdoj.gov

Table of Contents

INSTRUCTION NO. 1 ...................................................................................................... 1

    Introduction to the Final Charge—Province of the Court and of the Jury ................................ 1

INSTRUCTION NO. 2 ...................................................................................................... 3

    Judging the Evidence ............................................................................................................ 3

INSTRUCTION NO. 3 ...................................................................................................... 4

    Evidence Received in the Case—Stipulations, Judicial Notice & Inferences Permitted ............ 4

INSTRUCTION NO. 4 ...................................................................................................... 6

    Direct and Circumstantial Evidence ....................................................................................... 6

INSTRUCTION NO. 5 ...................................................................................................... 7

    Inferences from the Evidence ................................................................................................. 7

INSTRUCTION NO. 6 ...................................................................................................... 8

    Evidence Admitted for a Limited Purpose Only ..................................................................... 8

INSTRUCTION NO. 7 ...................................................................................................... 9

    Jury's Recollection Controls ................................................................................................... 9

INSTRUCTION NO. 8 ...................................................................................................... 10

    The Question Is Not Evidence ............................................................................................... 10

INSTRUCTION NO. 9 ...................................................................................................... 11

    Credibility of Witnesses—Generally ...................................................................................... 11

INSTRUCTION NO. 10 .................................................................................................... 13

    Credibility of Witnesses—Inconsistent Statement .................................................................. 13

INSTRUCTION NO. 11 .................................................................................................... 14

    Credibility of Witnesses—The Defendant as a Witness ......................................................... 14

INSTRUCTION NO. 12 .................................................................................................... 15

    Effect of the Defendant's Decision Not to Testify .................................................................. 15

INSTRUCTION NO. 13 .................................................................................................... 16

    Consider Only the Offense Charged ...................................................................................... 16

INSTRUCTION NO. 14 .................................................................................................... 17

    Disjunctive Proof—Explained ............................................................................................... 17

INSTRUCTION NO. 15 .................................................................................................... 18

    Presumption of Innocence—Burden of Proof ........................................................................ 18

INSTRUCTION NO. 16 .................................................................................................... 19

    Objections and Rulings ......................................................................................................... 19

ii

INSTRUCTION NO. 17 ........................................................................................................... 20
  Court's Comments to Counsel ........................................................................................... 20

INSTRUCTION NO. 18 ........................................................................................................... 21
  Court's Questions to Witnesses ......................................................................................... 21

INSTRUCTION NO. 19 ........................................................................................................... 22
  Court's Comments on Certain Evidence ........................................................................... 22

INSTRUCTION NO. 20 ........................................................................................................... 23
  False Exculpatory Statements ........................................................................................... 23

INSTRUCTION NO. 21 ........................................................................................................... 24
  The Indictment Is Not Evidence ....................................................................................... 24

INSTRUCTION NO. 22 ........................................................................................................... 25
  "On or About"—Explained ............................................................................................... 25

INSTRUCTION NO. 23 ........................................................................................................... 26
  The Nature of the Offense Charged .................................................................................. 26
  (Abusive Sexual Contact Aboard an Aircraft in Flight) ................................................... 26

INSTRUCTION NO. 24 ........................................................................................................... 27
  The Statute Defining the Offense Charged ....................................................................... 27
  (Abusive Sexual Contact Aboard an Aircraft in Flight) ................................................... 27

INSTRUCTION NO. 25 ........................................................................................................... 28
  The Essential Elements of the Offense Charged ............................................................... 28
  (Abusive Sexual Contact Aboard an Aircraft in Flight) ................................................... 28

INSTRUCTION NO. 26 ........................................................................................................... 29
  "Sexual Contact"—Explained ........................................................................................... 29

INSTRUCTION NO. 27 ........................................................................................................... 30
  "Knowingly"—Explained ................................................................................................. 30

INSTRUCTION NO. 28 ........................................................................................................... 31
  Proof of Knowledge or Intent ........................................................................................... 31

INSTRUCTION NO. 29 ........................................................................................................... 32
  Verdict—Election of Foreperson—Duty to Deliberate—Unanimity—Punishment—Form of Verdict—Communication with the Court ........................................................................... 32

INSTRUCTION NO. 30 ........................................................................................................... 34
  Exhibits During Deliberations ........................................................................................... 34

INSTRUCTION NO. 1

Introduction to the Final Charge—Province of the Court and of the Jury

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than

1

that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, §12:01 (6th ed. through Jan. 2022).

INSTRUCTION NO. 2

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:02 (6th ed. through Jan. 2022).

INSTRUCTION NO. 3

Evidence Received in the Case—Stipulations, Judicial Notice & Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

[*If appropriate*:] When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

[*If appropriate*:] The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to

what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:03 (6th ed. through Jan. 2022).

INSTRUCTION NO. 4

Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:04 (6th ed. through Jan. 2022).

6

INSTRUCTION NO. 5

Inferences from the Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the

jury to draw from the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:05 (6th ed. through Jan. 2022).

7

INSTRUCTION NO. 6

Evidence Admitted for a Limited Purpose Only

[*If appropriate*]

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, § 11:09 (6th ed. through Jan. 2022).

8

INSTRUCTION NO. 7

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:07 (6th ed. through Jan. 2022).

9

INSTRUCTION NO. 8

The Question Is Not Evidence

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:08 (6th ed. through Jan. 2022).

INSTRUCTION NO. 9

Credibility of Witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

*[If appropriate]* The testimony of a defendant should be judged in the same manner as the testimony of any other witness.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:01 (6th ed. through Jan. 2022)

INSTRUCTION NO. 10

Credibility of Witnesses—Inconsistent Statement

*[If appropriate]*

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:06 (6th ed. through Jan. 2022).

13

INSTRUCTION NO. 11

Credibility of Witnesses—The Defendant as a Witness

*[If appropriate]*

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness in this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:12 (6th ed. through Jan. 2022).

14

INSTRUCTION NO. 12

Effect of the Defendant's Decision Not to Testify

*[If appropriate]*

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 15:14 (6th ed. through Jan. 2022).

INSTRUCTION NO. 13

Consider Only the Offense Charged

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12:09 (6th ed. through Jan. 2022).

16

INSTRUCTION NO. 14

Disjunctive Proof—Explained

The Court instructs the jury that although the indictment may charge the defendant with committing an offense in several ways, using conjunctive (i.e., "and") language, I instruct you that it is not necessary for the government to prove that the defendant did each of those things. It is sufficient if the government proves beyond a reasonable doubt that the defendant did any of these alternative acts as charged.

*United States v. Rhynes*, 206 F.3d 349, 384 (4th Cir. 1999) ("Where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive. The district court, however, can instruct the jury in the disjunctive."); *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) ("[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive.").

17

INSTRUCTION NO. 15

Presumption of Innocence—Burden of Proof

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of a crime in the indictment, begins the trial with a "clean slate"—with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant had committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense.

1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions*, § 12:10 (6th ed. through Jan. 2022) (definition of "reasonable doubt" and "two-inference instruction" omitted to conform with Fourth Circuit law); *see United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *United States v. Reives*, 15 F.3d 42 (4th Cir. 1994); *United States v. Oriakhi*, 57 F.3d 1290, 1300-01 (4th Cir. 1995).

INSTRUCTION NO. 16

Objections and Rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:03 (6th ed. through Jan. 2022).

19

INSTRUCTION NO. 17

Court's Comments to Counsel

*[If appropriate]*

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:04 (6th ed. through Jan. 2022).

20

INSTRUCTION NO. 18

Court's Questions to Witnesses

*[If appropriate]*

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter–not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:05 (6th ed. through Jan. 2022).

21

INSTRUCTION NO. 19

Court's Comments on Certain Evidence

*[If appropriate]*

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 11:06 (6th ed. through Jan. 2022).

INSTRUCTION NO. 20

False Exculpatory Statements

*[If appropriate]*

Statements knowingly and voluntarily made by a defendant upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his or her part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing that he did not commit a crime.  Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14:06 (6th ed. through Jan. 2022).

23

INSTRUCTION NO. 21

The Indictment Is Not Evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to the indictment and, therefore, denies that he is guilty of the charge.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:04 (6th ed. through Jan. 2022).

INSTRUCTION NO. 22

"On or About"—Explained

The indictment charges that the offense alleged in the indictment was committed "on or about" or a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 13:05 (6th ed. through Jan. 2022).

25

INSTRUCTION NO. 23

The Nature of the Offense Charged

(Abusive Sexual Contact Aboard an Aircraft in Flight)

The indictment charges that on or about December 24, 2021, while aboard United Airlines Flight #1484, an aircraft in flight within the special aircraft jurisdiction of the United States, on a nonstop flight from Las Vegas McCarran International Airport to Washington Dulles International Airport, within the Eastern District of Virginia, the defendant, IVAN LOPEZ JR., did, with an intent to abuse, humiliate, harass, and degrade J.O. and to arouse and gratify the sexual desire of any person, knowingly and intentionally engage in sexual contact with J.O. without her permission; specifically, IVAN LOPEZ JR. intentionally touched the breast of J.O. through her clothing.

Adapted from the Indictment.

INSTRUCTION NO. 24

The Statute Defining the Offense Charged

(Abusive Sexual Contact Aboard an Aircraft in Flight)

Section 46506 of Title 49 of the United States Code provides that:

> An individual on an aircraft in the special aircraft jurisdiction of the
> United States who commits an act that … [as defined by law] would
> violate … title 18….

shall be guilty of an offense against the United States.

Section 46501 of Title 49 of the United States Code provides that the term "special aircraft

jurisdiction of the United States" includes a civil aircraft of the United States from the moment all

external doors are closed following boarding through the moment when one external door is

opened to allow passengers to leave the aircraft.

Section 2244(b), of Title 18 of the United States Code provides, in relevant part, that:

> Whoever … knowingly engages in sexual contact with another
> person without that other person's permission…

shall be guilty of an offense against the United States.

18 U.S.C. § 2244(b); 49 U.S.C. § 46506(1); 49 U.S.C. § 46501(1).

27

INSTRUCTION NO. 25

The Essential Elements of the Offense Charged

(Abusive Sexual Contact Aboard an Aircraft in Flight)

In order to sustain its burden of proof for the crime of abusive sexual contact aboard an aircraft in flight as charged in the indictment, the government must prove the following essential elements beyond a reasonable doubt:

One:        The defendant knowingly and intentionally engaged in sexual contact, either directly or through the clothing, with "J.O.";

Two:        The sexual contact was without "J.O.'s" permission; and

Three:      The sexual contact occurred in the special aircraft jurisdiction of the United States.

18 U.S.C. § 2244(b); 49 U.S.C. § 46506(1).

28

INSTRUCTION NO. 26

"Sexual Contact"—Explained

The term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(3).

INSTRUCTION NO. 27

"Knowingly"—Explained

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:04 (6th ed. updated through Jan. 2022).

30

INSTRUCTION NO. 28

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17:07 (6th ed. through Jan. 2022).

31

INSTRUCTION NO. 29

Verdict—Election of Foreperson—Duty to Deliberate—

Unanimity—Punishment—Form of Verdict—Communication with the Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

32

What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

The Court Security Officer as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Adapted from 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 20:01 (6th ed. through Jan. 2022).

INSTRUCTION NO. 30

Exhibits During Deliberations

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.

Derived from 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 20:04 (6th ed. updated through Jan. 2022) (modified to state that exhibits are being provided to the jurors during deliberations).

34

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) to all counsel of record.

By: _____/s/_____
Rachel L. Rothberg
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700; Fax: (703) 299-3980

35