IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-10 |
| | ) | |
| IVAN LOPEZ, | ) | Honorable Leonie M. Brinkema |
| Defendant. | ) | |
| _____ | ) | Trial: June 29, 2022 |

## IVAN LOPEZ'S PROPOSED JURY INSTRUCTIONS

Ivan Lopez, by counsel, submits these proposed jury instructions for the Court to charge the jury. The defense reserves the right to modify, withdraw, supplement or substitute instructions as may be suggested by the evidence in the case before the charge conference. The defense also reserves the right to supplement these instructions in response to the government's presentation of its case and to submit a "Theory of the Defense" instruction prior to the charge conference.

| No. | Instruction | Authority |
|---|---|---|
| 1. | Admonitions at Court Recess | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 11:02 (6th ed. Through Jan. 2022). |
| 2. | Objections and Rulings | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 11.03 (6th ed. through Jan. 2022). |
| 3. | Court's Comments to Counsel | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 11.04 (6th ed. through Jan. 2022). |
| 4. | Court's Questions to Witnesses | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 11.05 (6th ed. through Jan. 2022). |

| No. | Instruction | Authority |
|---|---|---|
| 5. | Evidence Admitted for a Limited Purpose Only | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 11.09 (6th ed. through Jan. 2022). |
| 6. | Introduction to the Final Charge – Province of the Court and of the Jury | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.01 (6th ed. through Jan. 2022). |
| 7. | Judging the Evidence | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.02 (6th ed. through Jan. 2022). |
| 8. | Evidence Received in the Case – Stipulations and Inferences Permitted | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.03 (6th ed. through Jan. 2022). |
| 9. | Direct and Circumstantial Evidence | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.04 (6th ed. through Jan. 2022). |
| 10. | Jury's Recollection Controls | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.07 (6th ed. through Jan. 2022). |
| 11. | The Question is Not Evidence | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.08 (6th ed. through Jan. 2022). |
| 12. | Consider Only the Offense Charged | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.09 (6th ed. through Jan. 2022). |
| 13. | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12:10 (6th ed. through August 2021) (definition of "reasonable doubt" and "two-inference instruction" omitted to conform with Fourth Circuit law); *see United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017) (directing district courts not to use the two-inference instruction); *United States v. Reives*, 15 F.3d 42, 43 (4th Cir. 1994). |

| No. | Instruction | Authority |
|---|---|---|
| 14. | The Indictment is Not Evidence | 1A O'Malley, *Grenig, and Lee, Federal Jury Practice and Instructions*, § 13.04 (6th ed. through Jan. 2022). |
| 15. | Statement or Conduct of Defendant – Single Defendant on Trial | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 14.03 (6th ed. through Jan 2022). |
| 16. | Witness Credibility – General Instruction | 1 L. Sand, et al., *Modern Federal Jury Instructions*, § 7.01, Instruction 7-1 (2022); see also 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 15.01 (Credibility of Witnesses – Generally) (6th ed. through Jan. 2022). |
| 17. | Witness Credibility – Law Enforcement Witness | 1 L. Sand, et al., *Modern Federal Jury Instructions*, § 7.01, Instruction 7-16 (2022). |
| 18. | Witness Credibility – Bias and Hostility | 1 L. Sand, et al., *Modern Federal Jury Instructions*, § 7.01, Instruction 7-2 (2022). |
| 19. | Credibility of Witness – Inconsistent Statements | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 15.06 (6th ed. through Jan. 2022). |
| 20. | Credibility of Witnesses – The Defendant as a Witness *(if applicable)* | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 15.12 (6th ed. through August 2021). |
| 21. | Number of Witnesses is Not Controlling | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 14.16 (6th ed. through Jan. 2022). |
| 22. | The Nature of the Charge – Count 1– Abusive Sexual Contact | Government Indictment, 18 USC § 2244(b). Adapted from 3 Modern Federal Jury Instructions – Criminal P 61.07, Instruction 61-42 (2022). |
| 23. | Statute Defining the Offense Charged | Adapted from 3 Modern Federal Jury Instructions – Criminal P 61.07, Instruction 61-42 (2022). |

| No. | Instruction | Authority |
|---|---|---|
| 24. | The Essential Elements of the Offense Charged | Adapted from 3 Modern Federal Jury Instructions – Criminal P 61.07, Instruction 61-43 (2022). |
| 25. | First Element - Sexual Contact | Adapted from 3 Modern Federal Jury Instructions – Criminal P 61.07, Instruction 61-44 (2022). |
| 26. | Second Element – Defendant Acted Knowingly | Adapted from 3 Modern Federal Jury Instructions – Criminal P 61.07, Instruction 61-45 (2022). |
| 27. | Third Element – Intent to Abuse | Adapted from 3 Modern Federal Jury Instructions – Criminal P 61.07, Instruction 61-46 (2022). |
| 28. | Lesser Included Offense--Elements | Adapted from 1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instruction* § 20:05 (6th ed. through Jan 2022); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, 18 U.S.C § 113(a)(5) (2020 Online Edition). |
| 29. | Effect of the Defendant Not to Testify | O'Malley, Grenig, and Lee. Federal Jury Practice & Instruction § 15:14 (6th ed. through Jan. 2022). |
| 30. | Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court | 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 20.01 (6th ed. through Jan 2022). |

Respectfully submitted,

IVAN LOPEZ, JR.,
Defendant

By Counsel,

By:
/s/ Shannon Quill
VA Bar No. 76355
/s/ Lauren E.S. Rosen
Lauren E.S. Rosen
Admitted *Pro Hac Vice*
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King St, Suite 500
Alexandria, VA 22314
(703) 600-0800
(703) 600-0880
Lauren_Rosen@fd.org

## THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

**Admonitions at Court Recess**

During this recess and all other recesses, you must not discuss this case with anyone. This includes your family, other jurors, and anyone involved in the trial. If anyone attempts in any way to talk to you about this trial during a recess, it is your obligation to tell me immediately by speaking to a Court Security Officer (CSO).

Do not watch or listen to any news reports concerning this trial on television or on radio and do not read any news accounts of this trial in a newspaper or on the internet.

Do not speak at all with any of the parties, the witnesses or the attorneys. On my instruction, they also will not try to speak to you.

You are required to keep an open mind until you have heard all of the evidence in this case, the closing arguments of counsel, and the final Instruction of law provided by the Court.

Adopted from 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 11.02 (6th ed. through Jan. 2022).

# THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

**Objections and Rulings**

Testimony and/or exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 11.03 (6th ed. through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

**Court's Comments to Counsel**

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 11.04 (6th ed. through Jan. 2022).

# THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

**Court's Questions to Witnesses**

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 11.05 (6th ed. through Jan. 2022).

# THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

**Evidence Admitted for a Limited Purpose Only**

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 11.09 (6th ed. through Jan. 2022).

**Introduction to the Final Charge – Province of the Court and of the Jury**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea[s] of not guilty by the defendant[s].

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

AUTHORITY:  1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.01 (6th ed. through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

**Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the Instruction of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

AUTHORITY:  1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.02 (6th ed. through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**

**Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them – all exhibits received in evidence – regardless of who may have produced them – all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.03 (6th ed. through Jan. 2022).

## THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.04 (6th ed. through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

**Jury's Recollection Controls**

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

AUTHORITY:  1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.07 (6th ed. through Jan 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

**The Question is Not Evidence**

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

AUTHORITY:  1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.08 (6th ed. through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12**

**Consider Only the Offense Charged**

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 12.09 (6th ed. through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

You must presume Mr. Lopez to be innocent of the crime charged. Mr. Lopez, although accused of a crime in the indictment, begins the trial with a "clean slate" - with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone is sufficient to acquit Mr. Lopez.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to cross-examine the witnesses for the government.

To establish a defendant's guilt, the Government's evidence must exclude any reasonable doubt as to the defendant's innocence. A "reasonable doubt" may arise either from the evidence or from a lack of evidence. You must remember that a defendant is never to be convicted on mere suspicion or conjecture. Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offense charged in the indictment, you must find the defendant not guilty of the offense.

AUTHORITY: 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 12:10 (6th ed. 2018) (definition of "reasonable doubt" and "two-inference instruction" omitted to conform with Fourth Circuit law); *see United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017) (directing district courts not to use the two-inference instruction); *United States v. Reives*, 15 F.3d 42, 43 (4th Cir. 1994).

**The Indictment Is Not Evidence**

An indictment is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Mr. Lopez has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charge in the indictment.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction* § 13.04 (6th ed. through Jan. 2022).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15**

**Statement or Conduct of a Defendant – Single Defendant on Trial**

Evidence relating to any alleged statement, confession, *[or]* admission *[or act or omission]* alleged to have been made *[or done]* by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession, *[or]* admission *[or act or omission]* alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made *[or done]* the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and *his* treatment while in custody or under interrogation as shown by all of the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, or admission.

If after considering the evidence you determine that a statement, confession *[or]* admission *[or act or omission]* was made *[or done]* knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 14.03 (6th Ed. Jan. 2022)

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16**

**Witness Credibility—General Instruction**

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense, which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testifies? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the

witness' ability to express himself or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

AUTHORITY: 1 L. Sand, et al., *Modern Federal Jury Instruction*, § 7.01, Instruction 7-1 (2022); *see also* 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instruction*, § 15.01 (Credibility of Witnesses – Generally) (6th ed. through Jan. 2022).

**Witness Credibility – Law Enforcement Witness**

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

AUTHORITY: 1 L. Sand, et al., *Modern Federal Jury Instruction*, § 7.01, Instruction 7-16 (2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18**

**Witness Credibility – Bias and Hostility**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of bias, prejudice, resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile towards the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to particularly close and searching scrutiny.

AUTHORITY: 1 L. Sand, et al., *Modern Federal Jury Instruction*, § 7.01, Instruction 7-2 (2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO 19**

**Credibility of Witnesses – Inconsistent Statements**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 15.06 (6th ed. Through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20**

**Credibility of Witnesses – The Defendant as a Witness (if applicable)**

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness in this case.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 15.12 (6th ed. through Jan. 2022).

**THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21**

**The Number of Witnesses Called Is Not Controlling**

Your decision of the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

AUTHORITY: 1A O'Malley, Grenig, and Lee, *Federal Jury Practice and Instruction*, § 14.16 (6th ed. through Jan. 2022).

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22**</u>

**The Nature of the Offense Charged – Count 1 – Abusive Sexual Contact**

The indictment charges that on or about December 24, 2021, while aboard United Airlines Flight #1484, an aircraft in flight within the special aircraft jurisdiction of the United States, on a nonstop flight from Las Vegas McCarran International Airport to Washington Dulles International Airport, within the Eastern District of Virginia, the defendant, IVAN LOPEZ JR., did, with an intent to abuse, humiliate, harass, and degrade J.O. and to arouse and gratify the sexual desire of any person, knowingly and intentionally engage in sexual contact with J.O. without her permission; specifically, IVAN LOPEZ JR. intentionally touched the breast of J.O. through her clothing.

AUTHORITY: Government Indictment, 18 USC § 2244(b) and 49 USC § 46506(1). Adapted from 3 Modern Federal Jury Instructions – Criminal P 61.07, Instruction 61-42 (2021)

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

**The Statute Defining the Offense Charged**

Section 2244(b) of Title 18 of the United States Code provides, in part, that:

Whoever, in the special maritime and territorial jurisdiction of the United States...knowingly engages in sexual contact with another person without that other person's permission [shall be guilty of a crime].

AUTHORITY: 18 U.S.C. § 2244(b).

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24**</u>

**The Essential Elements of the Offense Charged**

In order to sustain its burden of proof for the crime of Abusive Sexual Contact, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in sexual contact;

Second, that the defendant acted knowingly;

Third, that the defendant did so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

Fourth, that the offense was committed in the special maritime and territorial Jurisdiction of the United States.

AUTHORITY: Adapted from 3 L. Sand, et. al., *Modern Federal Jury Instructions* – Section 61.08, Instruction 61-43 (2022).

31

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25**</u>

**First Element – Sexual Contact**

The first element that the government must prove beyond a reasonable doubt is that the defendant engaged in sexual contact with J.O.

The term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person.

AUTHORITY: Adapted from 3 L. Sand, et. al., *Modern Federal Jury Instructions –* Section 61.07, Instruction 61-44 (2022).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26**

**Second Element – Defendant Acting Knowingly**

The second element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all the facts and circumstances surrounding the case.

AUTHORITY: Adapted from 3 L. Sand, et. al., *Modern Federal Jury Instructions* – Section 61.07, Instruction 61-45 (2022).

**Third Element – Intent to Abuse**

The third element that the government must prove beyond a reasonable doubt is that the defendant engaged in the sexual contact with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

AUTHORITY: Adapted from 3 L. Sand, et. al., *Modern Federal Jury Instructions –* Section 61.07, Instruction 61-46 (2022).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28

## Lesser Included Offense - Elements

The law permits the jury to determine whether the government has proven the guilt of Defendant for any other offense which is, by its very nature, necessarily included in the crime of that is charged in Count One of the Indictment.

If the jury is unable to reach a verdict as to whether or not the government has proven each element of the offense charged in Count One of the Indictment, the jury should then consider whether or the Defendant is guilty or not guilty of the lesser included offense, that is Assault, which is necessarily included in the offense of charged in the Indictment.

To find the defendant guilty of Assault, the government must prove the following two essential elements beyond a reasonable doubt:

One: That the defendant assaulted J.O.; and

Two: That the assault occurred within the special maritime and territorial jurisdiction of the United States.

An Assault is defined as an intentional offensive or unwanted touching. The offense of Assault does not require that the person intended for the touching to be offensive or harmful to the person being touched, but it does require proof that the touching was done knowingly and was offensive or unwanted.

The difference between the crime charged in Count One of the Indictment and the other included offense is Count One – Abusive Sexual Contact – requires the intentional touching through the clothes of the genitalia, anus, groin, breast, inner thigh, and buttocks with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. Assault does not.

The jury will bear in mind that the burden is always upon the government to prove, beyond a reasonable doubt, each and every essential element of any the other offense which is necessarily included in any crime charged in Count One the indictment. The law

never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

AUTHORITY: Adapted from 1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instruction* § 20:05 (6th ed. through Jan 2022); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, 18 U.S.C § 113(a)(5) (2020 Online Edition).

**Effect of the Defendant Not to Testify**

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Mr. Lopez did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

AUTHORITY: 1A O'Malley, Grenig, and Lee. *Federal Jury Practice & Instruction* § 15:14 (6th ed. through Jan. 2022).

## THE DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30

### Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form Verdict – Communication with Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense[s] charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense[s] charged.

A form of verdict has been prepared for your convenience and reads as follows:

[The verdict or a summary can be read to the jury]

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict[s], you will have your foreperson write your verdict[s] on the form[s], date and sign the form[s], and then return with your verdict[s] to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

AUTHORITY: 1A O'Malley, Grenig, and Lee. *Federal Jury Practice & Instruction* § 20:01 (6th ed. through Jan. 2022).