<u>JURY INSTRUCTION NO. 1</u>

**Introduction to the final charge—Province of the Court and of the Jury**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel may quite properly refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn

duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

2

## JURY INSTRUCTION NO. 2

### Note-taking

During this trial, I permitted you to take notes. Many courts do not permit note-taking by jurors, and a word of caution is in order. There is always a tendency to place undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid in your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

Moreover, you are coequal judges of the facts and each juror's memory of and opinion about the evidence is worthy of consideration by all the other jurors. That a juror may have taken extensive notes does not mean that his or her memory or opinion is worthy of more consideration than the memory or opinion of a juror who took few or no notes.

## JURY INSTRUCTION NO. 3

### Judging the evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If a defendant is proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

2

<u>JURY INSTRUCTION NO. 4</u>

**Evidence received in the case—Stipulations and Inferences permitted**

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions asked by a lawyer for either party are not evidence. If a lawyer asks a question of a witness which contains a statement of fact you may not consider the lawyer's statement as any evidence of that fact. Only a witness's answer to a question may be considered as evidence. Objections, statements, and arguments of counsel also are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. Instead, you are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense. Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

3

## JURY INSTRUCTION NO. 5

### Objections and rulings

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or her client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

<u>JURY INSTRUCTION NO. 6</u>

**Direct and circumstantial evidence**

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

2

JURY INSTRUCTION NO. 7

**Quantity of evidence**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party or by the number of exhibits introduced by one side or the other. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe and which of the exhibits have more or less value. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side, or that one or two exhibits may have more significance to your evaluation of the case as against numerous exhibits that you find have less significance.

To sum up this instruction: always consider the quality of the evidence rather than the quantity of the evidence.

3

## JURY INSTRUCTION NO. 8

### Credibility of witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent inability to remember, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

4

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

## INSTRUCTION NO. 9

### Credibility of Witnesses—Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

6

<u>JURY INSTRUCTION NO. 10</u>

**Effect of the defendant's decision not to testify**

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Mr. Lopez did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that Mr. Lopez decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

7

## JURY INSTRUCTION NO. 11

### Jury's recollection controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

8

## JURY INSTRUCTION NO. 12

### The indictment is not evidence

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against a defendant. The defendant is presumed to be innocent of the crime charged. Even though this Indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to the charge in the Indictment and, therefore, denies that he is guilty of the charge.

9

<u>JURY INSTRUCTION NO. 13</u>

**The Nature of the Offense Charged
(Abusive Sexual Contact Aboard an Aircraft in Flight)**

The indictment charges that on or about December 24, 2021, while aboard United Airlines Flight #1484, an aircraft in flight within the special aircraft jurisdiction of the United States, on a nonstop flight from Las Vegas McCarran International Airport to Washington Dulles International Airport, within the Eastern District of Virginia, the defendant, IVAN LOPEZ JR., did, with an intent to abuse, humiliate, harass, and degrade J.O. and to arouse and gratify the sexual desire of any person, knowingly and intentionally engage in sexual contact with J.O. without her permission; specifically, IVAN LOPEZ JR. intentionally touched the breast of J.O. through her clothing.

10

<u>JURY INSTRUCTION NO. 14</u>

**The Statute Defining the Offense Charged**
**(Abusive Sexual Contact Aboard an Aircraft in Flight)**

Section 46506 of Title 49 of the United States Code provides that:

> An individual on an aircraft in the special aircraft jurisdiction of the United States who commits an act that ... [as defined by law] would violate ... title 18....

shall be guilty of an offense against the United States.

Section 2244(b), of Title 18 of the United States Code provides, in relevant part, that:

> Whoever ... knowingly engages in sexual contact with another person without that other person's permission...

shall be guilty of an offense against the United States.

Section 46501 of Title 49 of the United States Code provides that the term "special aircraft jurisdiction of the United States" includes a civil aircraft of the United States from the moment all external doors are closed following boarding through the moment when one external door is opened to allow passengers to leave the aircraft.

11

JURY INSTRUCTION NO. 15

**The Essential Elements of the Offense Charged
(Abusive Sexual Contact Aboard an Aircraft in Flight)**

In order to sustain its burden of proof for the crime of abusive sexual contact aboard an

aircraft in flight as charged in the indictment, the government must prove the following essential

elements beyond a reasonable doubt:

One: The defendant engaged in sexual contact, either directly or through the clothing, with J.O.;

Two: That the defendant did so knowingly;

Three: The sexual contact was without J.O.'s permission; and

Four: The sexual contact occurred in the special aircraft jurisdiction of the United States.

12

## JURY INSTRUCTION NO. 16

### "Sexual Contact"—explained

The term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person, with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

13

<u>JURY INSTRUCTION NO. 17</u>

**"Knowingly"—Explained**

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

14

## JURY INSTRUCTION NO. 18

### "On or About"—Explained

The indictment charges that the offense alleged in the indictment was committed "on or about" or a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

15

## JURY INSTRUCTION NO. 19

### Lesser Included Offense – Assault – Elements

The law permits the jury to determine whether the government has proven the guilt of Defendant for any other offense which is, by its very nature, necessarily included in the crime of that is charged in Count One of the Indictment.

If the jury should unanimously find that the government has proven each and every element of the offense of Abusive Sexual Contact that is charged in the indictment beyond a reasonable doubt, the foreperson should write "guilty" in the space provided and the jury's consideration of that count for that defendant is concluded.

If the jury should determine unanimously that the government has not proven each and every element of the offense of Abusive Sexual Contact that is charged in the indictment beyond a reasonable doubt, then the jury should consider the guilt or innocence of the defendant for the offense of Simple Assault.

To find the defendant guilty of the offense of Simple Assault, the government must prove the following elements beyond a reasonable doubt:

One:   That the defendant committed the Simple Assault of J.O.; and

Two:   That the assault occurred within the special aircraft jurisdiction of the United States.

The crime of Simple Assault is defined as an intentional offensive or unwanted touching. It includes the deliberate touching of another in a patently offensive manner without justification or excuse.

The difference between the crime charged in Count One of the Indictment and the lesser included offense is Count One – Abusive Sexual Contact – requires the intentional touching with

16

the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. The lesser included offense of assault does not require this intent.

The jury will bear in mind that the burden is always upon the government to prove, beyond a reasonable doubt, each and every essential element of any the other offense which is necessarily included in any crime charged in Count One the indictment. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

17

## JURY INSTRUCTION NO. 20

### Disjunctive Proof—Explained

The Court instructs the jury that although the indictment may charge the defendant with committing an offense in several ways, using conjunctive (i.e., "and") language, I instruct you that it is not necessary for the government to prove that the defendant did each of those things.

It is sufficient if the government proves beyond a reasonable doubt that the defendant did any of these alternative acts as charged.

18

## JURY INSTRUCTION NO. 21

### Proof of knowledge or intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts *done* by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

19

## JURY INSTRUCTION NO. 22

### Presumption of innocence, burden of proof, and reasonable doubt

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus, the defendant, although accused of crimes in the Indictment, begins the trial with a "clean slate"—with no evidence against him. The Indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the Indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A "reasonable doubt" may arise either from the evidence or from a lack of evidence. You must remember that a defendant is never to be convicted on mere suspicion or conjecture.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the Indictment, you must find the defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

20

## JURY INSTRUCTION NO. 23

**Verdict—Election of foreperson—Duty to deliberate—Unanimity—Punishment—Form of verdict—Communication with the court**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. In all other respects, your foreperson is a coequal judge.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

21

What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

The Court Security Officers, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

22